IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRETT KLAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:26cv-00012-SMY |
| v. | ) | |
| | ) | |
| MARQUETTE CATHOLIC HIGH SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF BRETT KLAUS'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, FOR REMAND AND FOR FORUM NON-CONVENIENS**

**PRELIMINARY STATEMENT**

Defendant Marquette Catholic High School ("**Defendant**") asks this Court to (i) dismiss a federal-question employment-discrimination action, or (ii) "remand" it to state court, or (iii) dismiss it on "forum non conveniens" grounds, largely because Plaintiff Brett Klaus ("**Plaintiff**") also filed a protective state-court action arising from the same events. *See generally* ECF No. 17. Defendant's request is procedurally and substantively defective. This case was not removed from state court, so "remand" is not an available remedy under the removal statutes. *See* 28 U.S.C. § 1447. Defendant likewise identifies no cognizable Rule 12 basis to dismiss Plaintiff's Title VII and ADA claims, and it makes no attempt to show that Plaintiff failed to plead or satisfy federal jurisdiction, venue or administrative prerequisites. Finally, Defendant's forum non conveniens argument collapses under the governing private- and public-interest factors: Defendant is located in Alton, Illinois, and the federal courthouse is only approximately nine additional miles farther

from Defendant than the Madison County courthouse in Edwardsville, Illinois, making the "inconvenient forum" rhetoric not just unsupported, but facially implausible.

Defendant's motion should be denied in its entirety. In addition, to the extent the Court is concerned about duplication while Plaintiff completes dismissal of the purely protective state-court filing, the appropriate tools are narrow case-management measures, not the extraordinary remedy Defendant seeks: surrender of this Court's properly invoked federal jurisdiction.

### RELEVANT PROCEDURAL POSTURE AND RECORD FACTS

Plaintiff filed his Complaint in this Court on January 7, 2026. The Complaint pleads federal subject-matter jurisdiction under 28 U.S.C. § 1331 based on Title VII and the Americans with Disabilities Act (the "**ADA**"), and supplemental jurisdiction over related Illinois Human Rights Act (the "**IHRA**") claims under 28 U.S.C. § 1367(a). ECF No. 1 ¶ 3; *see also* 28 U.S.C. § 1331. The Complaint pleads venue in this District under Title VII's venue provision because the unlawful employment practice was committed in this District. ECF No. 1 ¶ 4.

The Complaint further pleads the EEOC/IDHR administrative background. The Complaint alleges that Plaintiff filed a charge (the "**Charge**") with the Illinois Department of Human Rights ("**IDHR**") on October 9, 2024 and cross-filed the Charge with the EEOC. *Id*. ¶ 5. The Complaint further alleges that Plaintiff received an IDHR right-to-sue letter on or about October 27, 2025, *id*. ¶ 6, and that, (a) on December 31, 2025, he requested the EEOC issue a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28(a)(1), and (b) as of filing the Complaint he had not yet received it. *Id*. ¶ 7; *see also* 29 C.F.R. § 1601.28(a)(1). The Complaint expressly explains that Plaintiff was "filing this action on or before January 7, 2026 to preserve related

Illinois claims . . . that would otherwise be time-barred under applicable Illinois law." ECF No. 1 ¶ 7.

On January 26, 2026, Plaintiff filed a Notice of Filing EEOC Dismissal and Notice of Rights Letter (the "**EEOC Notice**"), advising the Court that Plaintiff received the EEOC Notice on January 21, 2026 and filing it as Exhibit A thereto. *See* ECF No. 7, at 1; ECF No. 7-1, at 1–2.

Defendant filed a Motion to Dismiss, for Remand and for Forum Non-Conveniens (the "**MTD**") on April 8, 2026. ECF No. 17. The MTD asserts, among other things, that Plaintiff filed a state-court case in Madison County, Illinois, Cause No. 2026-LA-28, captioned "Brett Klaus, Plaintiff v. Marquette Catholic High School, Defendant," and that the state and federal actions are duplicative and reflect "forum shopping." *Id*. ¶¶ 1–4.

## LEGAL STANDARDS

A motion to dismiss must identify a legal basis for dismissal. *See* Fed. R. Civ. P. 7(b)(1) (B); SDIL-LR 7.1(a)(1); *see also* Fed. R. Civ. P. 12(b). Chief Judge Yandle's Case Management Procedures reinforce that expectation by requiring dismissal motions to clearly state the specific Rule 12(b) subsection invoked, among other particulars. Chief Judge Staci M. Yandle, Yandle Case Mgmt. Procs. 6. Defendant's motion does not do so. *See generally* ECF No. 17 ¶¶ 1–9. That omission matters because different standards govern Rule 12(b)(1), 12(b)(3), and 12(b)(6), and because Defendant's requested relief is not even coherent with the statutory meaning of "remand."

Forum non conveniens is an exceptional doctrine that requires an adequate alternative forum and a strong showing that the balance of private- and public-interest factors favors dismissal. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947), *superseded by statute on*

*other grounds as recognized in* Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 60 (2013); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981) (citation omitted). Unless the balance is strongly in the defendant's favor, "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508. In the federal system, Congress codified forum non conveniens principles for transfers within the federal courts in 28 U.S.C. § 1404(a), leaving common-law dismissal primarily for foreign (and only rarely state) alternative fora. *See Atl. Marine*, 571 U.S. at 60.

Separately, the existence of parallel state litigation does not, by itself, authorize a federal court to decline jurisdiction. *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court has described federal courts' "virtually unflagging obligation" to exercise the jurisdiction given them, with only narrow, exceptional doctrines permitting abstention or dismissal. *Id*. at 817, 817–18. Even where *Colorado River* abstention is considered, a stay—not dismissal—is the ordinary remedy when the action seeks damages. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21, 730–31 (1996).

**ARGUMENT**

I.     <u>DEFENDANT'S "REMAND" REQUEST FAILS AS A MATTER OF LAW</u>

Defendant asks the Court to "remand" this federal action to state court, while simultaneously conceding "removal has not occurred due to the concurrent filing of these cases." ECF No. 17 ¶ 9. That concession is fatal. The remand statute applies "in any case removed from a State court," and it provides a procedure for remanding the removed case to "the State court from which it was removed." 28 U.S.C. §§ 1447(a), (c)–(d).

This action was filed in federal court in the first instance. *See* ECF No. 1, at 1. There is therefore no removed case to remand, and no "State court from which it was removed" within the meaning of § 1447. Defendant's "remand" request should be denied outright on that ground alone, without reaching any further merits.

Even if Defendant's motion were generously construed as requesting some kind of transfer to state court, there is no statutory mechanism for a federal district court to "transfer" a federal-question case into an already-pending state-court action simply because Defendant prefers that forum. Defendant cites no authority for such relief, because none exists under the removal statutes it invokes by implication.

II.       DEFENDANT IDENTIFIES NO RULE OR BASIS TO DISMISS ANY CLAIM

Defendant's motion seeks dismissal but does not identify whether dismissal is sought under Rule 12(b)(1), 12(b)(3), 12(b)(6), or any other rule. ECF No. 17 ¶¶ 1–9. That failure is especially problematic because Defendant's argument is not actually a pleading challenge. Defendant does not contend that the Complaint fails to plead federal subject-matter jurisdiction. To the contrary, the Complaint pleads jurisdiction under 28 U.S.C. § 1331 based on Title VII and the ADA. ECF No. 1 ¶ 3; 28 U.S.C. § 1331.

Defendant also does not argue that venue is improper under any federal venue statute, or that Title VII's venue provision does not apply in this District. Plaintiff pleads that venue is proper in this District because the unlawful employment practices were committed in this District. ECF No. 1 ¶ 4. Defendant does not challenge that allegation, and instead repeatedly emphasizes that the operative events occurred in Madison County, Illinois, which is within the Southern District of Illinois. ECF No. 17 ¶ 5.

Most importantly, Defendant does not move to dismiss any claim on the merits under Rule 12(b)(6). It offers no argument that the Complaint fails to plead plausible discrimination, retaliation, hostile work environment or failure to accommodate claims under Title VII or the ADA. *See generally id*. ¶¶ 1–9. Nor does Defendant raise any exhaustion defense based on the EEOC Notice. Any such argument would fail because Plaintiff filed the EEOC Notice on January 26, 2026, consistent with the Complaint's express commitment to do so promptly upon receipt. *See* ECF No. 7, at 1; ECF No. 1 ¶ 7.

Because Defendant identifies no valid dismissal ground under the Federal Rules of Civil Procedure, the Court should deny the MTD.

III.    <u>PARALLEL STATE PROCEEDINGS DO NOT JUSTIFY DISMISSAL OR STAY UNDER *COLORADO RIVER*</u>

Defendant's core complaint is that there are "concurrent" state and federal actions that are "parallel," and that allowing both to exist will create "piecemeal litigation" and "unnecessary costs." ECF No. 17, at 2. That argument is, at most, an abstention argument. It is not a forum non conveniens argument, and it is certainly not a Rule 12 argument.

Under *Colorado River*, the existence of parallel state litigation does not by itself permit a federal court to dismiss or stay a case. The Supreme Court has emphasized that federal courts generally must exercise the jurisdiction given them, and that only "exceptional circumstances" can justify declining jurisdiction in favor of parallel state proceedings. *Colo. River*, 424 U.S. at 813, 817–21 (citations omitted). The Court has also emphasized that the balance is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (citation omitted).

Defendant's motion does not engage the *Colorado River* framework. It does not identify any exceptional circumstance recognized by controlling precedent. Instead, it offers generalized convenience assertions and conclusory accusations of vexation and increased defense costs. *See* ECF No. 17 ¶ 6. Those sorts of assertions are not enough to justify surrendering a properly invoked federal forum for federal civil-rights and ADA claims.

Even if the Court were inclined to consider case-management measures to avoid duplication, dismissal would still be inappropriate. Dismissal is a drastic remedy in a damages action, and the Supreme Court has cautioned against using abstention doctrines to dismiss damages claims that are otherwise properly before a federal court. *Quackenbush*, 517 U.S. at 719–21, 730–31. The proper course, if any, would be a narrowly tailored stay while a truly parallel proceeding resolves a potentially dispositive issue, not the dismissal Defendant seeks.

IV.    DEFENDANT COMES NOWHERE CLOSE TO JUSTIFYING FORUM NON CONVENIENS DISMISSAL

Defendant invokes "forum non conveniens" but never applies the actual test. *See generally* ECF No. 17 ¶¶ 1–9. Under *Gulf Oil*, the Court must consider private-interest factors, public-interest factors, and the strong presumption in favor of the plaintiff's chosen forum unless the balance is strongly in Defendant's favor. *Gulf Oil*, 330 U.S. at 508–09.

The private-interest factors do not support dismissal. Defendant asserts, in conclusory fashion, that its witnesses are closer to the Madison County courthouse and that evidence is located in Alton, Illinois. ECF No. 17 ¶¶ 5–6. But Defendant is located in Alton, Illinois, and the federal courthouse is only approximately nine miles farther from Defendant than the Madison County courthouse where Defendant says it would prefer to litigate. That marginal difference is

not a litigation hardship. It is a commute-level inconvenience, and barely that. Defendant does not identify a single witness who would be unavailable in federal court, a single category of evidence that cannot be produced in this forum, or any compulsory-process problem that could plausibly justify dismissal.

The public-interest factors also do not support dismissal. This District has a substantial interest in adjudicating alleged unlawful employment practices committed within its boundaries, particularly where Congress has created federal causes of action and provided for federal jurisdiction. *See* 28 U.S.C. § 1331. Defendant's suggestion that state court is "more than capable of fully protecting the Plaintiff's rights" is beside the point. ECF No. 17 ¶ 7. The question is not whether state court is "capable," but whether Defendant has carried its heavy burden to show that this federal forum is so inconvenient and inappropriate that dismissal is warranted. *Gulf Oil*, 330 U.S. at 508–09. Defendant has not done so.

Finally, *Atlantic Marine* underscores that forum non conveniens dismissal is generally associated with foreign alternative fora, and that within the federal system the usual remedy is transfer under § 1404(a), not dismissal. *Atlantic Marine*, 571 U.S. at 60–61. Defendant does not seek a § 1404 transfer, and it could not plausibly do so because the case is already pending in the federal district encompassing Defendant and the locus of events. Defendant's request is, in substance, a request for this Court to abdicate jurisdiction so Defendant can litigate Plaintiff's federal civil-rights and ADA claims in Defendant's preferred courthouse. Nothing in *Gulf Oil* supports that outcome, and everything in the doctrine cautions against it.

V.      DEFENDANT'S "FORUM SHOPPING" NARRATIVE IS WRONG ON THE FACTS
        AND THE LAW

A.  **The state-court filing was compelled by statutory preservation concerns, not tactical
    forum shopping**

Defendant asserts that Plaintiff's concurrent filing was "forum shopping" and an attempt
to impose unnecessary costs. ECF No. 17 ¶ 4. The record says otherwise. The Complaint
expressly explains why Plaintiff filed when he did: as of January 7, 2026, Plaintiff had requested
the EEOC Notice but had not yet received it, and Plaintiff filed by January 7, 2026 "to preserve
related Illinois claims . . . that would otherwise be time-barred under applicable Illinois law."
ECF No. 1 ¶ 7.

That is not "forum shopping." It is the opposite. It is a good-faith attempt to ensure that
Plaintiff's state-law rights are not forfeited while he completes federal administrative
prerequisites. The federal regulatory framework confirms that a right-to-sue notice may be
requested and issued only under defined procedures and timelines, including the 180-day period
referenced in 29 C.F.R. § 1601.28(a)(1). A plaintiff who faces an imminent state-law filing
deadline while awaiting a federal right-to-sue notice does not become a "forum shopper" by
taking the steps necessary to avoid losing substantive rights.

Defendant's "explicit admission" theory is also wrong as a matter of law. ECF No. 17 ¶¶
2, 8. Filing a protective state action to preserve state claims does not waive a plaintiff's right to
pursue federal claims in federal court, does not concede that federal court is "inconvenient," and
does not create any estoppel against exercising federal jurisdiction. To the contrary, Congress
provided federal-question jurisdiction for federal claims, and Plaintiff invoked it on the face of
the Complaint. ECF No. 1 ¶ 3; 28 U.S.C. § 1331.

The record confirms that Plaintiff's January 7, 2026 state-court filing was compelled by the IHRA's statutory timing mechanics, not gamesmanship. The Illinois Department of Human Rights ("**IDHR**") notified Plaintiff that the time limitation for IDHR to complete its investigation had expired on October 10, 2025, and specifically advised that, under section 7A-102(G) of the IHRA, Plaintiff had the right to commence a civil action in the appropriate Illinois circuit court if IDHR had not completed its investigation within 365 days of the perfected, signed, and notarized charge. ECF No. 1-2, at 2; *see also* 775 ILL COMP. STAT. 5 / 7A-102(G)(1). IDHR further calculated that the 365th day was October 9, 2025 and that the resulting 90-day window to commence a civil action ran from October 10, 2025 through January 7, 2026—making January 7, 2026 the final day to file in circuit court to preserve Plaintiff's IHRA claims. ECF No. 1-2, at 2; *see also* 775 ILL COMP. STAT. 5 / 7A-102(G)(2).

**B. Plaintiff's Steps to Dismiss the State-Court Action Confirm That the State Filing Was Protective, Not Tactical**

Defendant's forum-shopping narrative also collapses in light of Plaintiff's subsequent conduct. After Plaintiff received the EEOC Notice, the reason for the protective state-court filing no longer existed. Plaintiff then took steps to dismiss the state-court action, confirming exactly what the Complaint already explained: the state filing was made to preserve Plaintiff's Illinois-law claims while he awaited the EEOC Notice, not to harass Defendant, multiply proceedings, or manufacture litigation costs.

On May 4, 2026, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice, a true and correct copy of which is attached hereto as Exhibit A, in the Circuit Court of Madison County, Illinois. That filing is fatal to Defendant's accusation that Plaintiff is trying to litigate the

same dispute in two forums at once. Plaintiff is not attempting to pursue duplicative proceedings. Plaintiff is attempting to proceed in this Court, where he filed federal claims under federal law after receiving the EEOC Notice necessary to do so.

The timeline matters. Plaintiff filed the state action on January 7, 2026 because he had not yet received the EEOC Notice and faced preservation concerns under Illinois law. ECF No. 1 ¶ 7. Plaintiff received the EEOC Notice on January 21, 2026, and filed it with this Court on January 26, 2026. ECF No. 7, at 1. Once that occurred, the protective purpose of the state action was satisfied. Plaintiff's subsequent effort to dismiss the state action is therefore not consistent with forum shopping. It is consistent with orderly litigation conduct.

Nor does Defendant identify any actual prejudice caused by the temporary existence of the protective state action. Defendant points to alleged inconvenience and additional defense costs, but it does not explain how Plaintiff's preservation filing justifies dismissal of a properly filed federal action asserting federal civil-rights and ADA claims. The answer is simple: it does not. A protective filing made to avoid forfeiture of state-law claims, followed by steps to dismiss that action once the federal right-to-sue notice issued, is not abusive litigation conduct. It is procedural hygiene. Defendant's attempt to dress it up as forum shopping is advocacy theater, not a basis for dismissal.

### CONCLUSION AND PRAYER FOR RELIEF

Defendant's motion asks this Court to do something it cannot do (remand a case that was never removed), for reasons that are not legally cognizable (a generalized preference for Madison County state court), and under standards Defendant does not even attempt to satisfy (forum non conveniens and abstention). The Court should deny Defendant's Motion to Dismiss,

for Remand, and for Forum Non Conveniens in its entirety, and grant such other and further relief as the Court deems just and proper.

__/s/ Mark D. Schoon__
MARK D. SCHOON
IL Bar No. 6276962
Attorney at Law
7710 Carondelet Ave., Suite 105
St. Louis, MO 63105
(314) 808-2375
mark.schoon@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on May 6, 2026 using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

__/s/ Mark D. Schoon__
