**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRETT KLAUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-12-SMY** |
| | ) | |
| **MARQUETTE CATHOLIC HIGH SCHOOL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Brett Klaus asserts claims of sexual orientation discrimination and retaliation under Title VII of the Civil Rights Act of 1964, disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), and violations of the Illinois Human Rights Act ("IHRA") against his former employer, Defendant Marquette Catholic High School.

Now pending before the Court is Defendant's motion to dismiss the federal causes of action or alternatively, to remand Plaintiff's Complaint (Doc. 17). Plaintiff responded in opposition (Doc. 18). For the following reasons, Defendant's motion is **DENIED**.

## Background

In his Complaint (Doc. 1), Plaintiff, a gay man, alleges he began his employment with Marquette Catholic High School around May 2019 as a teacher in the Fine Arts Department and that Marquette exhibited a pattern of discrimination and hostility toward LGBTQ employees and students, including Plaintiff. More specifically, Plaintiff alleges that Marquette took no corrective action against derogatory slurs a faculty member aimed at Plaintiff, anti-gay and anti-trans remarks by school staff, and homophobic harassment affecting students.

On April 17, 2024, Marquette informed Plaintiff that his contract would not be renewed, citing his tardiness. Plaintiff alleges the stated reason for non-renewal is pretextual because he received no warnings or performance improvement plan, students had already been notified of his termination and similarly situated non-LGBTQ employees were not terminated for comparable issues. Marquette subsequently barred Plaintiff from campus, ignored a past underpayment error he identified, and sidelined programs he created, all of which occurred because of his sexual orientation and because he engaged in protected activity.

In October 2024, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR"), which was cross-filed by IDHR with the Equal Employment and Opportunity Commission ("EEOC"). He received an IDHR right-to-sue letter on October 27, 2025 (Doc. 1-2, pp. 2-3), and EEOC Notice of Right to Sue on January 21, 2026 (Doc. 7-1, pp. 1-2). Plaintiff filed concurrent lawsuits in this Court and the Third Judicial Circuit Court for Madison County, Illinois (Doc. 17, p. 1). Defendant now moves to dismiss the federal causes of action or in the alternative, to remand the case to state court.

**Discussion**

As an initial matter, Defendant seeks dismissal of this action "to allow the state court action to proceed" (Doc. 17, p. 3). Defendant does not challenge the sufficiency of Plaintiff's Complaint under Rule 12(b)(6) or the Court's subject matter jurisdiction. Instead, Defendant argues Plaintiff's Title VII and ADA claims were improperly brought in this Court and should remain in state court, which amounts to a claim that venue is improper. The Court will therefore analyze the motion under Rule 12(b)(3).

When reviewing a motion to dismiss under Rule 12(b)(3), courts look to the venue provision of the relevant statute or apply the general venue statute. *See Atl. Marine Const. Co.,*

*Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Under the applicable venue provision for Title VII and the ADA claims, a plaintiff may file suit "in any judicial district in the State in which the unlawful employment practice is alleged to have to been committed." 42 U.S.C. § 2000e-5(f)(3). Here, Plaintiff was employed on Defendant's campus in Alton, Illinois, and allegedly faced discrimination while working there. Therefore, venue is proper in this District.

Defendant also moves to dismiss Plaintiff's Complaint under the common-law doctrine of forum non conveniens. A district court may dismiss under forum non conveniens if it determines that "an alternative and adequate forum is available" to hear the case, and that, after balancing public-and private-interest factors, the alternative forum is more convenient and has a stronger connection to the dispute than the United States. *See Pavlovich v. Gaiman*, 179 F.4th 603, 607 (7th Cir. 2026) (quoting *Deb v. SIRVA, Inc.*, 832 F.3d 800, 807 (7th Cir. 2016)). Congress has codified forum non conveniens principles in 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co., Inc.*, 571 U.S. at 60-61 (2013).

Defendant does not contend that private-interest factors such as financial burdens, accessibility concerns, or location convenience should prevent the case from proceeding in this Court as opposed to the state court. Nor does Defendant argue that this Court would be administratively burdened or that potential jurors would be inconvenienced by this case proceeding in federal rather than state court. As such, Defendant fails to meet the standard for dismissal on forum non conveniens grounds.

Finally, in the alternative, Defendant seeks an order remanding this case to state court. The remand statute applies "in any case removed from a State court." 28 U.S.C. §§ 1447(a), (c)-(d). As this case was filed in federal court in the first instance, there is no removed case to remand and

no "State court from which it was removed" within the meaning of § 1447. *See Lymon v. Allen Cnty. Gov't*, No. 1:18-CV-134, 2018 WL 4491347, at *5 (N.D. Ind. Sept. 18, 2018).

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **DENIED in its entirety**.

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**